UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00042-GCM

| EARL J. HILL, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| Vs. | ) | **ORDER** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.  Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. The Appeals Council remanded the case back down to the ALJ. After Plaintiff's Second Hearing, the ALJ again issued a decision which was unfavorable to Plaintiff, from which Plaintiff again appealed to the Appeals Council. The Appeals Council again remanded the case back down to the ALJ. After Plaintiff's Third hearing, the ALJ again issued a decision which was

1

unfavorable to Plaintiff, from which Plaintiff again appealed to the Appeals Council. Plaintiff's third request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action.

## II.     Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.    Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan*, *supra*.

## IV.     Substantial Evidence

### A.      Introduction

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record.

The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the ALJ is supported by substantial evidence. The undersigned finds that it is.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process.

### C. The Administrative Decision

In rendering the decision, the ALJ applied the five-step sequential evaluation process set forth in the regulations for evaluating disability claims. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, the ALJ found that Plaintiff had

not engaged in substantial gainful activity from March 30, 2006, the date his alleged disability began, to June 30, 2007, his last insured date. (Tr. 15). At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, diabetes mellitus, personality disorder, and breathing impairment. (Tr. 15–17). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. (Tr. 17–18).

Before proceeding to step four, the ALJ determined that Plaintiff had the RFC to perform light work, further limiting Plaintiff to no exposure of concentrated amounts of dust, smoke fumes, or similar irritants; avoid exposure to heights or dangerous machinery; simple, routine, repetitive tasks with one, two, three step instructions; no production oriented jobs; and relatively low social demands. (Tr. 18–24).

At step four, the ALJ found that Plaintiff could no longer perform his past relevant work, as he had none. (Tr. 24). At step five, the ALJ found that, based on Plaintiff's age, education, work experience, and RFC, as well as testimony from a vocational expert ("VE"), Plaintiff could perform jobs existing in significant numbers in the national economy, including mail clerk, cafeteria attendant, and electronics worker. (Tr. 25). As a result, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Tr. 25).

### D. Discussion

#### 1. Plaintiff's Assignments of Error

Plaintiff made three assignments of error, but the Court will group them into the following two assignments of error: (1) whether the ALJ failed to identify, inquire, resolve, and explain apparent conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT")

and (2) whether the ALJ erred in crafting Plaintiff's RFC. Plaintiff's assignments of error will be discussed seriatim.

## 2. First Assignment of Error

S.S.R. 00-4p requires the ALJ to ask the VE whether his or her testimony is consistent with the DOT and if the VE's testimony has an apparent conflict with the DOT, the ALJ must obtain a reasonable explanation. S.S.R. 00-4p, at *4. The Fourth Circuit has further expanded this "responsibility." *See Pearson v. Colvin*, 810 F.3d 204, 208–09 (4th Cir. 2015) ("[A]n ALJ has not fulfilled his affirmative duty 'merely because the [VE] responds yes when asked if her testimony is consistent with the [DOT]' . . . . [Instead,] the ALJ must identify where the expert's testimony seems to, but does not necessarily, conflict with the [DOT]" (quoting *Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014))).

Plaintiff's RFC restricted him to "simple, routine, repetitive tasks with one, two, three, step [sic] instructions; no production oriented jobs, and relatively low social demands." (Tr. 18). Given that, the VE testified that Plaintiff could perform the jobs of mail clerk, cafeteria attendant, and electric worker; all of which were significant in the US economy. (Tr. 88–89). The ALJ then asked the VE if there were any discrepancies between his testimony and the DOT. (Tr. 90). The VE responded "[t]he [DOT] does not address off-task time or sleeping on the job. I base that on my training, education and knowledge of how jobs are performed in the labor market." (Tr. 90). However, the VE did not account for any other discrepancies between his testimony and the DOT job descriptions.

Plaintiff's first position he could hold, Mail Clerk, has a reasoning level of "3." DOT 209.687-026, 1991 WL 671813. That reasoning level corresponds to the GED reasoning score.

5

The GED reasoning score has six levels, with level one encompassing the simplest occupations and level six containing the most complex. Level 3 is defined as, "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." DOT App. C, 1991 WL 688702 (2016). The reasoning level of 3 apparently conflicts with Plaintiff's RFC which limited him to "simple, routine, repetitive tasks with one, two, three, step [sic] instructions . . . ." (Tr. 18). *See Mullis v. Colvin*, 1:11CV22, 2014 WL 2257188 (M.D.N.C. May 29, 2014) (determining that while the Fourth Circuit has not specifically ruled on this, enough District Courts within the Fourth Circuit agree that limiting claimant to "simple and routine tasks" is less than a reasoning level of 3 and must therefore be remanded for clarification (citing *Graham-Willis v. Colvin*, 1:12-cv-02489-JMC, 2013 WL 6840465, at *7 (D.S.C. Dec. 27, 2013))). The ALJ failed to address this discrepancy and is in error. *See Pearson*, 810 F.3d at 208–09.

Next, the Court turns to the Cafeteria Attendant job description, which according to the DOT, is as follows:

> Carries trays from food counters to tables for cafeteria patrons. Carries dirty dishes to kitchen. Wipes tables and seats with dampened cloth. Sets tables with clean linens, sugar bowls, and condiments. May wrap clean silver in napkins. *May circulate among diners and serve coffee* and be designated Coffee Server, Cafeteria Or [sic] Restaurant (hotel & rest.).

DOT 311.677-010, 1991 WL 672694 (2016) (emphasis added). In Plaintiff's RFC, she is limited to "relatively low social demands." (Tr. 18). Plaintiff argues that the requirements of a Cafeteria Attendant are in conflict with the "relatively low social demands" allowed by his RFC. However, during the hearing, Plaintiff's attorney asked the VE, "[i]f you would take the same hypothetical and add to it that the claimant cannot work with the public . . . . How would that affect your listing

6

of jobs?" (Tr. 89). The VE responded by saying, "it would eliminate the cafeteria attendant . . . ." (Tr. 89). From this, it appears that the VE was acutely aware of the social requirements of a Cafeteria Attendant and its relation to the RFC of Plaintiff. This provides substantial evidence to support the ALJ's decision: it is enough "relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion." *Richardson*, 402 U.S. at 390.

The ALJ's opinion said that there are "4,400 [Cafeteria Attendant] positions in North Carolina and 116,500 positions nationwide. (Tr. 25). The Fourth Circuit has said multiple times that significantly lower job counts are still enough. *See Hicks*, 600 F.2d at 1051 n.2 ("We do not think that the approximately 110 jobs testified to by the vocational expert constitute an insignificant number."); *see also Hodges v. Apfel*, 203 F.3d 820, 820 (4th Cir. 2000) ("[Plaintiff] also contends that, even if the ALJ was correct in evaluating [his] disability, there is not a significant number of jobs available to him. [He] asserts that he qualifies for no more than 153 jobs. That number suffices to defeat Hodges's claim for disability benefits." (citing *Hicks*, 600 F.2d at 1051 n.2)). Consequently, the Court need not look at the Electronic Worker job description as there are already enough positions available for Plaintiff, given his RFC. The discrepancy between the VE's testimony and the DOT regarding the Mail Clerk position is therefore a harmless error and Plaintiff's first assignment of error is without merit.

### 3. Second Assignment of Error

Plaintiff next argues that the ALJ erred in formulating Plaintiff's RFC. Plaintiff asserts a number of possible issues: (1) Plaintiff's severe mental impairments were not taken into consideration; (2) there was no detailed assessment of how the restrictions of Plaintiff's daily living impacts Plaintiff's ability to engage in work activities; (3) the ALJ's limitation of "relatively

7

low social demands" is too vague; (4) the ALJ did not account for Plaintiff's limitations of concentration, persistence, and pace; and (5) the ALJ did not explain why his opinion differed from a medical opinion that the ALJ gave great weight.

The ALJ determined that Plaintiff had a severe personality disorder. (Tr. 15–17). That was the only severe mental issue the ALJ concluded Plaintiff had. Plaintiff argues that the ALJ did not discuss the specific limitations caused by Plaintiff's severe mental issues. However, the ALJ discussed in depth such issues when formulating Plaintiff's RFC. (Tr. 19–21). The ALJ restricted Plaintiff to "simple, routine, repetitive tasks with one, two, three, step [sic] instructions." (Tr. 18). Moreover, the ALJ cited and explained supporting evidence by giving "great weight" to a report from Walter H. McNulty, Jr., Ph.D. (Tr. 23). Accordingly, the Court finds that the ALJ took into account Plaintiff's severe mental limitations.

Plaintiff next argues that the ALJ did not discuss Plaintiff's limitations on daily life in crafting Plaintiff's RFC. However, Plaintiff provides nothing that would indicate that there needed to be a discussion. He merely asserts, in a conclusory fashion, that it should have been covered. Accordingly, there was no need for the ALJ to include such limitations in his RFC calculation.

In Plaintiff's RFC, as mentioned above, the ALJ limited Plaintiff to "relatively low social demands." (Tr. 18). Plaintiff argues that this is too vague and leaves the Court to guess as to what that means. However this is not true, as the ALJ provided more information in his opinion than just "relatively low social demands." The ALJ cites an assessment by Dr. Williams — of which he gave substantial weight to — saying, "[Plaintiff] has moderate limitations in specific social interaction such as the ability to interact appropriately with the public, the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes." (Tr. 23).

Turning to Plaintiff's fourth assertion, in *Mascio v. Colvin*, the Fourth Circuit held that the ALJ did not account for the claimant's limitations in "concentration, persistence, and pace." 780 F.3d 632, 638 (4th Cir. 2015). Plaintiff argues that the ALJ erred in the same way here. However, the ALJ did account for Plaintiff's moderate difficulties in maintaining concentration, persistence, and pace by not simply limiting Plaintiff's RFC to simple and routine tasks, which would require a remand, but also limiting Plaintiff to "one, two, three, step [sic] instructions; no production oriented jobs . . . ." *See id.* ("[A]n ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011))); (Tr. 18). This Court has ruled, several times, that such added restrictions satisfy the *Mascio* standard. *See Taylor v. Colvin*, No. 3:14-CV-00510-GCM, 2016 WL 1032345, at *7 (W.D.N.C. Mar. 15, 2016) (stating that an ALJ appropriately accounted for moderate limitations in concentration, persistence, or pace by restricting claimant to non-production pace work); *Martin v. Colvin*, No. 1:14-CV-234-RLV, 2015 WL 9094738 (W.D.N.C. Dec. 16, 2015) (finding that the ALJ accommodated limitations with concentration, persistence, or pace by restricting claimant to "simple, routine tasks in an environment that does not require strict adherence to production quota"); *Fays v. Colvin*, 2:14-CV-00050-FDW, 2016 WL 4111337, at *3 (W.D.N.C. July 29, 2016) (affirming the residual functional capacity finding for "simple, routine, repetitive tasks with no fast-paced production requirements" because the ALJ discussed why no other limitations applied when he cited evidence that the claimant had "no significant impairment in his ability to remember work-like procedures or understand, remember or carry out short and simple

9

instructions"). Accordingly, the ALJ did account for Plaintiff's limitations in concentration, persistence, and pace when crafting Plaintiff's RFC.

Next, Plaintiff argues that since the ALJ gave substantial weight to the findings of the state agency for psychological consultant, the ALJ must discuss every limitation stated in the consultant's opinion. The ALJ discussed the consultant, Dr. Williams', report generally, which the Fourth Circuit has said is sufficient. (Tr. 23). *See Sharp v. Colvin*, No. 15-1578, -- F. App. --, 2016 WL 6677633, at *5 (4th Cir. Nov. 14, 2016) (deeming sufficient an ALJ's discussion of "a particular category of evidence" and rejecting claimant's assertion that the ALJ was required to discuss evidence in particular detail); *see also Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (indicating that the ALJ's duty does not require a discussion of all of the evidence in the record). Accordingly, the ALJ appropriately discussed Dr. Williams' report in detail and did not err by only generally discussing the findings of the state agency psychological consultant.

Moreover, the ALJ gave no indication that he was going to adopt every individual restriction Dr. Williams discussed. Rather, the ALJ adopted the Dr. Williams' broader conclusions that Plaintiff has no marked mental limitations beyond moderate limitations in a few areas. (Tr. 23). These statements are consistent with the ALJ's RFC finding and there was no need for further discussion. (Tr. 18). Accordingly, Plaintiff's RFC is supported by substantial evidence and is without error. Plaintiff's second assignment of error is without merit.

### E. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's

assignments of error.  Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence.  *See Richardson v. Perales*, *supra; Hays v. Sullivan*, *supra*.  Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1)  the decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED**;

(2)  the plaintiff's Motion for Summary Judgment is **DENIED**;

(3)  the Commissioner's Motion for Summary Judgment is **GRANTED**; and

(4)  this action is **DISMISSED**.

Signed: August 14, 2017

Graham C. Mullen
United States District Judge